UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHPRESIM HAXHAJ,

                      Petitioner,

      -against-

WARDEN, CAMP MCFP,

                      Respondent.

24-CV-5613 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Before the Court is a *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, filed by Petitioner Shpresim Haxhaj ("Petitioner"), a resident of Bronx, New York. Petitioner seeks information concerning his brother, Shpendim Haxhaj ("Haxhaj"), a prisoner who is currently in the custody of the United States Federal Bureau of Prisons ("BOP") at the Medical Center for Federal Prisoners in Springfield, Missouri ("MCFP Springfield"). Petitioner asserts that in December 2023, Haxhaj suffered an injury while in BOP custody, which left him non-verbal. Petitioner claims to have power of attorney of Haxhaj's affairs, and he seeks information about Haxhaj's medical condition and treatment and the incident that led to the injury. Petitioner also seeks "immediate and regular communication" between Haxhaj and his family. (ECF 1, at 2.) For the following reasons, the Court transfers this action to the United States District Court for the Western District of Missouri.

**DISCUSSION**

      In order to entertain a *habeas corpus* petition under Section 2241, a court must have jurisdiction over the prisoner's custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) (writ of *habeas corpus* does not act upon the prisoner who seeks relief, but upon his or her custodian). Thus, *habeas corpus* jurisdiction to consider such a petition challenging a prisoner's confinement generally lies in the United States District Court for the

federal judicial district where the prisoner's custodian is located, which is usually the federal judicial district where the prisoner is confined, at the time of filing. *See Rumsfeld v. Padilla*, 542 U.S. 426, 441-43 (2004). Petitioner filed this petition concerning his brother, who is incarcerated at MCFP Springfield, which is located in Springfield, Greene County, Missouri, within the Western District of Missouri. *See* 28 U.S.C. § 105(b). Accordingly, in the interest of justice, the Court transfers this action to the Western District of Missouri. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of Missouri. Whether Petitioner should be permitted to proceed further without payment of fees is a determination to be made by the transferee court. This order closes this case in this court.

Because the petition at this time makes no substantial showing of a denial of a constitutional, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 2, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge